IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DENNIS GARDNER,

      Plaintiff,                      No. 2:12-cv-1964 MCE KJN PS

      v.

J. JOHANIGEN,

                            ORDER AND ORDER TO SHOW CAUSE
      Defendant.
                            /

      Plaintiff, proceeding without counsel, filed this action under 42 U.S.C. § 1983 and other unspecified state laws on July 26, 2012. (Dkt. No. 1.)[1] Plaintiff alleges that on February 2, 2009, defendant J. Johanigen, an officer with the Pinole Police Department, arrested plaintiff for suspicion of driving under the influence and took plaintiff to the police station where his blood was forcefully drawn in the parking lot. (Id.) Plaintiff seeks damages "under California state and federal law." (Id.)

      On August 27, 2012, the court: granted plaintiff's request to proceed in forma pauperis; ordered the Clerk of Court to issue process papers and the court's scheduling order to plaintiff; ordered plaintiff to supply the United States Marshal with all documents needed to

---

[1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

1  effectuate service of process within 30 days and file a statement with the court that such
2  documents had been submitted to the United States Marshal within 10 days thereafter; and
3  ordered the United States Marshal to serve process on defendant within 90 days of receipt of the
4  process documents from plaintiff.  (Dkt. No. 7.)  Plaintiff was cautioned that "failure to comply
5  with this order may result in a recommendation that this action be dismissed.  See Local Rules
6  110, 183(a)."  (Id.)

7       The docket reveals that the Clerk of Court served the court's above-mentioned
8  order granting the request to proceed in forma pauperis, the process documents, and the court's
9  scheduling order on plaintiff that same day on August 27, 2012.  The scheduling order set a
10 status conference for January 31, 2013, at 10:00 a.m., in Courtroom No. 25 before the
11 undersigned, required the parties to file status reports addressing specified topics not later than
12 seven (7) days prior to the status conference, and required the parties to appear at the status
13 conference by counsel or in person if acting without counsel.  (Dkt. No. 8 at 2.)  Furthermore, the
14 order cautioned that "[f]ailing to obey federal or local rules, or [an] order of this court, may result
15 in dismissal of this action.  This court will construe pro se pleadings liberally, but pro se litigants
16 must comply with the procedural rules."  (Id. at 3.)  Finally, the order notified the parties that
17 "Local Rule 110 provides that failure to comply with the Local Rules may be grounds for
18 imposition of any and all sanctions authorized by statute or Rule or within the inherent power of
19 the Court."  (Id.)

20      Thereafter, on January 28, 2013, plaintiff filed a letter referencing the January 31,
21 2013 status conference, but indicating that he is presently incarcerated and that he would like to
22 have his claim "postponed" or "rescheduled."  (Dkt. No. 10.)  The court's records show that, to
23 date, plaintiff has not submitted a statement indicating that the necessary process papers were
24 submitted to the U.S. Marshal.  No status reports were filed prior to the status conference, and
25 defendant has not appeared in the action.  This strongly suggests that plaintiff has also not
26 submitted the process documents to the U.S. Marshal in accordance with the court's order.

Although plaintiff represents that he is presently incarcerated, that does not explain or excuse his apparent failure, over several months, to take the steps necessary to effectuate service of process and move the case forward.

"Pro se litigants must follow the same rules of procedure that govern other litigants." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (overruled on other grounds).  A district court may impose sanctions, *including involuntary dismissal of a plaintiff's case* pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case, or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules.  See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal"); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court"); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default); see also E.D. Cal. L.R. 110, 183(a).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to "postpone" or "reschedule" his claim (dkt. no. 10), construed as a request to vacate and continue the January 31, 2013 status conference, is GRANTED and the January 31, 2013 status conference is VACATED.  If necessary, the court will reschedule the date of that conference.

2. Within 35 days of the date of service of this order, plaintiff shall file a written statement indicating whether and when he had submitted the appropriate service documents to

1 the U.S. Marshal, and if not, shall show cause why this action should not be dismissed with
2 prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute the case and
3 failure to comply with the court's orders.[2]

    3. Plaintiff's failure to file the required response, or failure to make the required showing, shall constitute an additional ground for, *and plaintiff's consent to*, the imposition of appropriate sanctions, including a potential recommendation that plaintiff's case be involuntarily dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) and Local Rules 110 and 183(a).

    IT IS SO ORDERED.

DATE: January 30, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[2] In the alternative, if plaintiff wishes to voluntarily dismiss the case without prejudice, plaintiff may file a notice of dismissal.