IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DENNIS GARDNER,

        Plaintiff,                  No. 2:12-cv-1964 MCE KJN PS

    v.

J. JOHANIGEN,

                                 <u>ORDER</u>

        Defendant.

_____/

        Plaintiff, proceeding without counsel, filed this action under 42 U.S.C. § 1983 and other unspecified state laws on July 26, 2012. (Dkt. No. 1.)[1] Plaintiff alleges that on February 2, 2009, defendant J. Johanigen, an officer with the Pinole Police Department, arrested plaintiff for suspicion of driving under the influence and took plaintiff to the police station where his blood was forcefully drawn in the parking lot. (<u>Id.</u>) Plaintiff seeks damages "under California state and federal law." (<u>Id.</u>)

        On August 27, 2012, the court: granted plaintiff's request to proceed in forma pauperis; ordered the Clerk of Court to issue process papers and the court's scheduling order to plaintiff; ordered plaintiff to supply the United States Marshal with all documents needed to

---

[1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

effectuate service of process within 30 days and file a statement with the court that such documents had been submitted to the United States Marshal within 10 days thereafter; and ordered the United States Marshal to serve process on defendant within 90 days of receipt of the process documents from plaintiff. (Dkt. No. 7.)

The docket reveals that the Clerk of Court served the court's above-mentioned order granting the request to proceed in forma pauperis, the process documents, and the court's scheduling order on plaintiff that same day on August 27, 2012. The scheduling order set a status conference for January 31, 2013, before the undersigned, required the parties to file status reports addressing specified topics not later than seven (7) days prior to the status conference, and required the parties to appear at the status conference by counsel or in person if acting without counsel. (Dkt. No. 8 at 2.) Furthermore, the order cautioned that "[f]ailing to obey federal or local rules, or [an] order of this court, may result in dismissal of this action. This court will construe pro se pleadings liberally, but pro se litigants must comply with the procedural rules." (Id. at 3.) Finally, the order notified the parties that "Local Rule 110 provides that failure to comply with the Local Rules may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." (Id.)

Thereafter, on January 28, 2013, plaintiff filed a letter referencing the January 31, 2013 status conference, but indicating that he is presently incarcerated and that he would like to have his claim "postponed" or "rescheduled." (Dkt. No. 10.) The court's records show that, to date, plaintiff has not submitted a statement indicating that the necessary process papers were submitted to the U.S. Marshal. No status reports were filed prior to the status conference, and defendant has not appeared in the action. These omissions strongly suggested that plaintiff had also not submitted the process documents to the U.S. Marshal in accordance with the court's order.

In light of plaintiff's letter, on January 30, 2013, the court vacated the January 31, 2013 status conference and required plaintiff, within 35 days of the date of service of the court's

order, to file a written statement indicating whether and when he had submitted the appropriate service documents to the U.S. Marshal, and if not, to show cause why the action should not be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute the case and failure to comply with the court's orders.  (Dkt. No. 11.)

On February 13, 2013, plaintiff filed a statement inquiring as to the necessary process papers and documents he was required to supply to the U.S. Marshal and requesting copies of those papers to do so.  (Dkt. No. 12.)  From plaintiff's filing, it appears that plaintiff may not have received the process papers and accompanying documents previously served on plaintiff.  Accordingly, the court finds it appropriate to discharge the order to show cause and have the Clerk of Court re-issue the process papers and serve these on plaintiff at his present address of record.

Accordingly, IT IS HEREBY ORDERED that:

1. The order to show cause (dkt. no. 11) is DISCHARGED.

2. As the court previously found, service of plaintiff's complaint is appropriate for the following defendant: J. Johanigen.

3. The Clerk of the Court is directed to re-issue forthwith all process pursuant to Federal Rule of Civil Procedure 4.

4.  The Clerk of Court shall send plaintiff one USM-285 form, one summons, this court's scheduling order, and the forms providing notice of the magistrate judge's availability to exercise jurisdiction for all purposes.  The court's scheduling order shall set a new scheduling conference date.  *In the event that plaintiff is still incarcerated at the time of the new scheduling conference date, plaintiff need not personally appear at the scheduling conference, but must nonetheless file a status report in accordance with the scheduling order.*

5.  Plaintiff is advised that to effectuate service, the U.S. Marshal will require:

    a.    One completed summons;

    b.    One completed USM-285 form for each defendant to be served;

3

1            c.      A copy of the complaint for each defendant to be served, with an
2 extra copy for the U.S. Marshal; and

3            d.      A copy of this court's scheduling order and related documents for
4 each defendant to be served; and

5        6.      Plaintiff shall supply the United States Marshal, within 30 days from the
6 date of service of this order, all information needed by the Marshal to effectuate service of
7 process, and *shall, within 10 days thereafter, file a statement with the court that such documents*
8 *have been submitted to the United States Marshal*. The address for the United States Marshal is
9 501 "I" Street, Sacramento, CA 95814 (tel. 916-930-2030).

10        7.      The U.S. Marshal shall serve process, with copies of this court's
11 scheduling order and related documents, within 90 days of receipt of the required information
12 from plaintiff, without prepayment of costs. *The United States Marshal shall, within 10 days*
13 *thereafter, file a statement with the court that such documents have been served.* If the U.S.
14 Marshal is unable, for any reason, to effect service of process on any defendant, the Marshal shall
15 promptly report that fact, and the reasons for it, to the undersigned.

16        8.      *If a defendant waives service, the defendant is required to return the*
17 *signed waiver to the U.S. Marshal. The filing of an answer or a responsive motion does not*
18 *relieve a defendant of this requirement, and the failure to return the signed waiver may subject a*
19 *defendant to an order to pay the costs of service pursuant to Fed. R. Civ. P. 4(d)(2).*

20        9.      The Clerk of Court shall serve a copy of this order on the United States
21 Marshal.

22       10.      Plaintiff's failure to comply with this order may result in a
23 recommendation that this action be dismissed. See Local Rules 110, 183(a).

24 ////
25 ////
26 ////

1       IT IS SO ORDERED.

2 DATE: February 21, 2013

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE